UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL HEAD,

                        DECISION & ORDER

          Plaintiff,

                        14-CV-6546W

          v.

SUPERINTENT DALE ARTUS, et al.,

          Defendants.
_____

## PRELIMINARY STATEMENT

Pending before this Court are three motions to compel filed by plaintiff Michael Head ("Head"), who has brought suit against various employees of the New York State Department of Corrections and Supervision for alleged constitutional violations arising from his incarceration at Attica Correctional Facility. (*See* Docket ## 9, 69, 99, 108). The first seeks further responses to interrogatories and document requests served on defendants Brown, Nolan and Dannheim. (Docket # 69). The second seeks further interrogatory responses and documents from defendant Ebert. (Docket # 99). The third seeks production of additional documents pursuant to this Court's October 27, 2016 Order. (Docket # 108). Defendants oppose each motion. (Docket ## 83, 100, 110).

## DISCUSSION

### I.    Head's May 9, 2017 Motion to Compel

The discovery requests at issue in Head's first motion to compel were the subject of pre-motion correspondence between the parties and an earlier order by this Court. In late

December 2016, Head wrote to counsel for defendants inquiring about overdue responses to discovery requests. (Docket # 69 at 25-26). Counsel responded in early January 2017 that defendants did not intend to serve responses until a motion to amend the complaint filed by Head was resolved, noting, "[a]n [a]mended [c]omplaint would require an amended scheduling order and would likely affect the responses to the discovery demands." (*Id.* at 27). Thereafter, Head twice objected to defendants' refusal to timely respond and conferred by letter in an effort to persuade counsel to agree to provide responses. (*Id.* at 29-30, 37-39). When those efforts were unsuccessful, Head wrote to this Court concerning the outstanding requests, including those at issue in his first motion to compel. (*Id.* at 42-43). Counsel responded by explaining his intention to respond following a ruling on the pending motion to amend. (*Id.* at 44). On April 10, 2017, this Court rejected defendants' basis for deferring responses and directed them "to respond promptly to the outstanding discovery requests." (Docket # 57). By letter dated April 21, 2017, counsel served responses to many outstanding requests, but not those at issue in this motion. (Docket # 69 at 50).

Head filed the instant motion on May 9, 2017. (Docket # 69). Defendants opposed the motion on the grounds that it was moot because they had served responses sometime between the filing of the motion and the deadline for defendants to respond thereto. (Docket # 83 at ¶¶ 5-6). While Head's reply did not contest that he had received responses, it challenged the adequacy of certain of the responses. (Docket ## 86, 87).

This Court has reviewed the particular responses at issue (Docket # 86 at 5-11, 14-16) and finds them to be adequate except as follows:

> 1. Nolan shall supplement his answer to Interrogatory No. 3 to indicate whether any written complaints (other than grievances) have been made against him.

2. Dannheim shall supplement to his answer to Interrogatory No. 3 to indicate whether any complaints (other than grievances) have been made against him and whether any grievances have been made against him that were not sustained.

3. Brown is required to certify that he has conducted a "reasonable inquiry," including review of accessible relevant records, to determine whether he may answer Interrogatory No. 5 beyond stating, "I do not recall." *See* Fed. R. Civ. P. 26(g)(1); *Braham v. Perelmuter*, 2016 WL 1305118, *3 (D. Conn. 2016) ("a party is under a duty to make a reasonable inquiry concerning information sought in interrogatories, and a party's failure to describe his efforts to obtain information sought by plaintiffs renders his responses insufficient") (internal quotation omitted); *In re Auction Houses Antitrust Litig.*, 196 F.R.D. 444, 445 (S.D.N.Y. 2000) ("[a] party served with interrogatories is obliged to respond ... not only by providing the information it has, but also the information within its control or otherwise obtainable by it").

4. Brown is required to certify that he has conducted a "reasonable inquiry," including review of accessible relevant records, to determine whether he may answer Interrogatory No. 6 beyond stating, "I do not know."

5. Brown is required to produce copies of any written policies and procedures that reflect the procedures summarized in his response to Interrogatory No. 10.

6. Brown is required to produce copies of any written policies and procedures that reflect reasons justifying a "suspicion cell frisk," including those identified in his response to Interrogatory No. 11.

## II.  Head's August 11, 2017 Motion to Compel

Head's second motion to compel seeks further responses to discovery requests served on defendant Ebert. (Docket # 99). Although the requests were served in December 2016 (Docket # 99 at 22-27), Ebert deferred responding until after the Court directed him to do so in its April 10, 2017 Order referenced above. Ebert served his responses ten days later, on April 20, 2017. (Docket # 99 at 43-47). The adequacy of certain of his responses are at issue in Head's second motion. (Docket # 99).

This Court has reviewed the particular responses challenged by Head (Docket # 99 at 43-47) and finds them to be adequate except as follows:

> 1. Head correctly notes that Ebert did not respond to Interrogatory No. 6, an omission that Ebert, in his motion response papers, represents he will correct. (Docket # 101 at 1). If he has not answered Interrogatory No. 6, he is directed to do so. He must also provide any responsive records in his possession, custody or control.
>
> 2. Ebert is directed to supplement his response to Interrogatory No. 5 by identifying the reason for Head's cell frisk. If the answer involves information provided by a confidential informant, the informant's identity and the date the information was provided may be redacted. If records exist that reflect the reason that Head's cell was searched, they must be produced, although they may be redacted to protect information that may identify any confidential informants.[1]
>
> 3. Ebert is required to certify that he has conducted a "reasonable inquiry," including reviewing accessible relevant records, to determine whether he may answer Interrogatory Nos. 9 and 10, beyond stating, "I do not recall." Although his attorney has represented that Ebert has conducted a reasonable inquiry, his response papers do not make clear whether that inquiry included reviewing accessible relevant records.[2] (Docket # 101 at 3). He must also provide any records responsive to Interrogatory No. 10 in his possession, custody or control.

### III. Head's September 25, 2017 Motion to Compel

Head's final motion seeks to compel defendants to produce: (1) "[t]he incident report telling how the plaintiff became unconscious after being removed from his cell on January 22, 2014"; (2) various logbook entries relating to January 22, 2014 cell frisks and cell frisk authorizations; and, (3) search contraband receipts relating to frisks conducted on Head's cell on

---

[1] Indeed, this Court's initial Scheduling Order provides that "defendants and their counsel may redact documents produced to protect the identity of confidential informants." (Docket # 25 at ¶ 3).

[2] By contrast, Ebert's opposing papers state that he did review relevant records in answering Interrogatory No. 14, and does not recall what officer removed Head from his cell on January 22, 2014. (Docket # 101 at 4).

4

January 22, 2014. (Docket # 108 at ¶ 5). Defendants oppose the motion on the grounds that they have produced all records that exist responsive to the requests. (Docket # 110).

Head relies upon this Court's October 27, 2016 Order as support for his motion. (*See* Docket # 108 at 2-3, 10-12). That Order required defendants to provide Head with "copies of any documents . . . in connection with the events from which [Head's] claims arose including, but not limited to, . . . [i]ncident reports, intra departmental memoranda, use of force reports." (Docket # 25 at ¶ 3). Defendants do not contest that the documents sought in Head's motion to compel fall within the scope of the Order; rather, they maintain that they have produced all responsive documents, including incident reports, logbook entries and contraband receipts. (Docket # 110).

Head appears to believe that defendants are wrongfully withholding an incident report detailing how he became unconscious on January 22, 2014. (Docket # 108 at ¶ 5(a)). Defendants dispute that such an incident report exists, and Head has cited no record evidence to demonstrate or suggest that one exists. (*Id.*; Docket # 110 at ¶¶ 4-5). Because the Court cannot compel defendants to produce that which does not exist, Head's motion to compel production on this basis is denied. *See*, *e.g.*, *Pooler v. Esquir*, 2017 WL 3498284, *1 (W.D.N.Y. 2017) ("it is basic that discovery of relevant information that a requested party represents does not exist cannot be compelled"); *Am. Banana Co. v. Republic Nat'l Bank of New York*, 2000 WL 521341, *3 (S.D.N.Y. 2000) ("[t]he [c]ourt cannot compel production of what does not exist").

Likewise, Head has proffered no evidence to demonstrate, or even suggest, that relevant logbook entries and/or search contraband receipts relating to frisks of his cell on January 22, 2014, are being withheld by defendants. Defendants represent that they have produced all logbook entries in the possession of defendants and the facility, as well as search contraband

reports and receipts relating to Head's cell frisks. (Docket # 110 at ¶¶ 6-7). Absent specific evidence to rebut defendants' representations, Head's motion for an order to compel defendants to produce additional logbook entries and search contraband reports and receipts is denied.

**IV.      Sanctions**

Head's applications for the imposition of monetary sanctions is also denied. (*See* Docket ## 69 at 4, ¶ 7; 99 at 5, ¶ 11).

## CONCLUSION

For these reasons, Head's first and second motions to compel **(Docket ## 69, 99)** are **GRANTED in part and DENIED in part**. Defendants' supplemental answers and certifications must be served by no later than twenty-one (21) days from the date of this Order. Head's third motion to compel **(Docket # 108)** is **DENIED**.

**IT IS SO ORDERED**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
            January 31, 2018