UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

**MICHAEL HEAD (00-A-3017),**

        Plaintiff,

-vs-

**SUPT. ARTUS, ET AL.,**

        Defendant.

**STIPULATION AND ORDER
OF SETTLEMENT**

**14-CV-6546**

## STIPULATION AND ORDER

This SETTLEMENT STIPULATION, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Order" or "Settlement") is made by and between Plaintiff Michael Head ("Plaintiff") and all remaining Defendants; to wit, New York State Department of Corrections and Community Supervision ("DOCCS") employees Andrew Dannheim, Martin Ebert, Joseph Kapelke, Lloyd Nolan, James Pichette, and Paul Weaver (collectively, "Defendants"):

**WHEREAS**, Plaintiff commenced <u>Head v. Artus et al.</u>, 14-CV-6546, (the "Action") by filing a complaint on or about September 18, 2014 in this Court alleging that the named Defendants in that action violated Plaintiffs rights, plaintiff thereafter filed an amended complaint on June 15, 2015 and second amended complaint on August 9, 2017; and

**WHEREAS** Defendants answered the complaint and denied all wrongdoing; and

**WHEREAS** Defendants Kapelke, Nolan, Pichette, and Weaver filed counterclaims ("Counterclaimants"); and

**WHEREAS** the parties wish to resolve the complaint and all counterclaims prior to trial; and

**WHEREAS** all parties are represented by competent counsel;

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties and their

1

respective counsel as follows:

### 1. Dismissal of the Action With Prejudice

The Action, and all claims and counterclaims asserted therein are discontinued with prejudice against the Defendants and Plaintiff, respectively, pursuant to Fed. R. Civ. P. 41(a)(2) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 below.

### 2. Payment to Plaintiff

In full consideration of Plaintiff's execution of this Settlement Order, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in Paragraphs 5-8 herein, if any, the State of New York, on behalf of Defendants, shall pay the gross amount of seven thousand, five hundred (7,500) Dollars, for which the New York State Office of the State Comptroller shall issue all appropriate Internal Revenue tax forms, if any, in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Defendants, whether in their individual or official capacities, and the State of New York, or any of its predecessors, or any of its current or former employees, subdivisions, units or related entities, rising out of conduct, acts, or omissions raised in the Action prior to, up to and including the date of this Settlement, and more

particularly including those asserted in the Action, including any attorney's fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action as follows:

a. The State of New York, on behalf of Defendants, shall pay to the Plaintiff seven thousand, five hundred (7,500) dollars, in full and complete satisfaction of any and all claims for damages incurred by Plaintiff that were or could have been the subject of any claim that were or could have been asserted arising out of conduct, acts or omissions which are raised in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted arising out of conduct, acts or omissions which are raised in the complaint in the Action. Plaintiff agrees that the instant settlement includes any claims for attorneys' fees, costs or disbursements. Plaintiff's counsel also agrees that they will not seek attorneys' fees, costs or disbursements in this Action. The Plaintiff and the Defendants agree that the entire amount of the payment made to the Plaintiff pursuant to this Agreement is a payment in settlement of (and as compensation for) Plaintiff's claims for physical injury. A check in the amount seven thousand five hundred (7,500) dollars shall be deposited into Plaintiff's prison account.

b. Counterclaimants agree to dismissal with prejudice of all counterclaims in this

Action. Counterclaimants further waive any claim to collect the funds recited in this Stipulation under New York Executive Law § 632-a or any other statute or common law claim.

### 3. State Approval of Payments

Payment of the settlement amount specified in Paragraph 2 of this Settlement is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment. The provisions of Chapter 62 of the Laws of 2001 as amended (a/k/a "The Son of Sam Law" relating to crime victims, funds of convicted persons and the New York State Office of Victims Services), including but not limited to Section §632-a of the Executive Law and Subsection 12-g of §8 of the New York State Finance Law, may be applicable to the payment by Defendants hereunder.

### 4. Accrual of Interest

In the event that payment of the settlement amount specified in Paragraph 2 of this Settlement has not been made by the one hundred and twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Settlement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Order, interest on any part of the settlement amount not paid by the one hundred and twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred and twentieth (120th) day, unless the

provisions of Executive Law Section 632-a apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days with respect to the payment to allow for compliance with that law.

### 5. Responsibility of Plaintiff for Taxes

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Settlement shall be the sole and complete responsibility of Plaintiff and that Plaintiff shall have no claim, right or cause of action against the Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of its current or former officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff agrees that he will indemnify and hold harmless the Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of its current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

### 6. Responsibility of Plaintiff for Liens and Setoffs

Plaintiff agrees that the Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of its current or former officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens or setoffs of any kind (including,

5

but not limited to, any and all unemployment benefits, workers' compensation, tax, or child support liens) which may attach to the settlement amount specified in Paragraph 2 of this Settlement. Plaintiff shall have no claim, right, or cause of action against the Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of its current or former officials, employees, or agents, whether in their individual or official capacities, on account of such liens or setoffs. Plaintiff agrees that he will indemnify and hold harmless the Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of its current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens or setoffs.

7. **Medicare Certification**

Plaintiff and Plaintiff's attorneys acknowledge and understand that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver executed and notarized Affidavits of Medicare Eligibility Status, in the form annexed hereto as Exhibit A to the OAG. Plaintiff and Plaintiff's attorneys acknowledge and understand that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement

amount specified in Paragraph 2 of this Agreement, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Agreement.

### 8. Responsibility of Plaintiff for Any Medicare Payments and/or Liens

Plaintiff agrees to defend, indemnify, and hold harmless the Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of its current or former officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Agreement. Upon receipt of all required documentation under Paragraphs 3, 4 and 7, payment of the settlement amount specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

### 9. General Releases

#### • A. By Plaintiff

In consideration of the payment of the sum recited in Paragraph 2 of this Settlement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (the "Releasing Parties") hereby release

and forever discharge each of the Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), together with all of its present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (the "Released Parties") from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement, and more particularly, for any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the pleadings in this Action. Plaintiff also waives and releases any and all claims against the State of New York, its agencies, departments, and its officials employed in the New York State Court system and in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement and more particularly, for any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or

omissions which are described, alleged, or contained in the pleadings in this Action.

### B. By Counterclaimants

In consideration of the discontinuance of Plaintiff's action against the Defendants, recited in Paragraph 1 of this Settlement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Counterclaimants, on behalf of themselves, their heirs, executors, administrators, successors, and assigns hereby release and forever discharge Plaintiff from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that they ever had, now have, or shall or may have in the future against Plaintiff, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement, and more particularly, for any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Counterclaims in this Action.

### 10. No Other Action or Proceeding Commenced

Other than the Action, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any civil action, charge, complaint, grievance, or proceeding of any kind against the Defendants and the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of its current or former officials, employees, or agents, whether

9

in their individual or official capacities, on their own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, or that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and Plaintiff acknowledges that this representation constitutes a material inducement for the Defendants to enter into this Settlement.

11. **No Other Attorney**

Plaintiff and the undersigned attorneys for Plaintiff represent and warrant that there are no attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law§§ 475 and 475-a or any other state or federal law, statute, contract or otherwise in the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. Plaintiff agrees to defend, indemnify, and hold harmless the Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of its current or former officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

12. **No Prevailing Party**

Neither Plaintiff nor the Defendants shall be deemed a "prevailing party" for

any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

### 13. Successors and Assigns

The terms and conditions of this Settlement Order shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

### 14. Authority

Each signatory to this Settlement Order hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Order and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Order.

### 15. Voluntary Agreement

The parties hereto execute and deliver this Settlement Order voluntarily after being fully informed of its terms, contents and effect, and acknowledge that they understand its terms, contents and effect. The parties hereto acknowledge that they are aware, and are advised, of their right to seek the advice of an attorney and that they have been represented by counsel before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

### 16. No Admission of Liability

It is understood and agreed that any action taken or payments made pursuant to this Settlement Order are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement and the actions taken or payment made

pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action, or as an admission of wrongdoing or liability. Nothing contained in this Settlement shall be deemed to constitute a policy, practice, or custom of the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of its current or former officials, employees, or agents, whether in their individual or official capacities.

## 17. No Precedential Value

This Settlement shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement shall not bind or collaterally estop the Defendants and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of its current or former officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

## 18. Entire Agreement

This Settlement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement, and may

not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

### 19. Governing Law

The terms of this Settlement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 9a of this Agreement.

### 20. Severability

With the exception of Paragraphs 1, 2, 3, 7, 8, 9, 10, and 12 of this Settlement Order, if any provision of this Settlement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

### 21. Headings

The headings contained in this Settlement are for convenience of reference only and are not a material part of this Settlement.

### 22. Execution

This Settlement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one Settlement, and may be executed by facsimile signature and facsimile notary seal.

### 23. Authority to Sign Settlement

The parties and the signatories to this Settlement represent and warrant that the signatories executing this Settlement on behalf of each party have full authority to do so and to make the representation, warranties, and agreements contained

13

herein.

### 24. Submission to the Court

Upon signatures by all parties and counsel for all parties, this Settlement shall be submitted without further notice to the Court to be "So Ordered."

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement and accept and agree to the provisions contained herein, and have each executed this Settlement to be effective on the day and date indicated below, subject to Court approval.

Dated: Rochester, New York
September 25, 2024

_____
Eric J. Ward, Esq.
Attorney for Plaintiff
Hodgson Russ, LLP
1800 Bausch & Lomb Place
Rochester, NY 14604

Dated: September 25, 2024
New York, New York

HON. LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants

_____
Hillel Deutsch, Esq.
Assistant Attorney General of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone: (585) 546-7430
Dated: September 25, 2024

**SO ORDERED:**
Dated: Rochester, New York
_____, 2024


_____
Hon. Elizabeth A. Wolford
United States District Judge

14

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**MICHAEL HEAD (00-A-3017)**,

         Plaintiff,    **AFFIDAVIT OF MEDICARE ELIGIBILITY**

    -vs-           **14-CV-6546**

**SUPT. ARTUS, ET AL.**,

           Defendant.

_____

   [_____] being duly sworn, deposes and says:

1. I am the [claimant/plaintiff] in the above-entitled action, I am a citizen of [_____], I reside at [_____] and my telephone number is [_____].

2. I make this affidavit with full knowledge that it will be relied upon by the State of New York, its agents, employees and representatives ("OAG") in connection with the settlement of this action against Defendants and specifically as it relates to OAG's obligations to comply with the reporting requirements of Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP").

3. I understand that a query has been / will be made pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, 42 US.C. 1395(B)(8) to verify my current Medicare status.

4. I hereby acknowledge and understand that, as mandated by CMS and promulgated by and through its rules and regulations including but not limited to the MMSEA and/or MSP, I am required to:

  a. reimburse Medicare from the judgment/settlement herein for *conditional payments* Medicare has made for treatment of injuries alleged in this action; and

  b. utilize the judgment/settlement proceeds to pay for future medical expenses, when those expenses are for care or treatment related to the injuries covered by the allegations in this litigation.

5. I further acknowledge that the information provided herein will be relied upon by defendant and

OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 or as deemed necessary or required by the defendant and OAG.

6.  I hereby agree to promptly provide OAG with any and all information that OAG deems necessary and required for its reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

## PEDIGREE INFORMATION

7.  I have been known by the following names: _____. I hereby acknowledge that I can be identified by this/these name(s) and all these names do, indeed, refer to me.

8.  I consent to allow OAG to verify my current Medicare eligibility for purposes of its compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

9.  I affirm that:

    a.  my social security number is [_____];
    b.  my date of birth is [_____]; and
    c.  my gender is male.

## CURRENT MEDICARE ELIGIBILITY
*Initial and affirm applicable current Medicare eligibility status*

10. As of the date of this affidavit:

    a.  ✎_____   I am not currently eligible for Medicare coverage and/or benefits nor have I ever received Medicare coverage and/or benefits;

    **OR**

    b.  ✎_____   I am a Medicare Beneficiary, and my Medicare number [HIC #] is _____. I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans or Medi-Gap Plans and collectively referred to as "Medicare") for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this personal injury action. I understand that reimbursement directly to Medicare may be made from proceeds I receive from the [judgment/settlement] of this personal injury action; and

        i.  ✎_____   Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. *(Attach copy of Medicare's Conditional Payment letter and/or Final Demand Letter)*; or

2

      ii.    ✎_____ Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date.  *(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter)*.  In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

      iii.    ✎_____ I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare.  Upon my receipt of the necessary documentation, I will promptly provide it to [assigned AAG] and to OAG's Medicare Compliance Officer via email at Medicare.Compliance@ag.ny.gov.  I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the [judgment/settlement] in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter and/or Final Demand Letter).  In accordance with Medicare's Conditional Payment Letter and/or Final Demand Letter (referred to, respectively, as Medicare's Letter), I consent to the payment , directly from the total proceeds of the judgment in/settlement of the above-captioned litigation, of the sum stated in Medicare's Letter as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

**FUTURE MEDICARE ELIGIBILITY**
*✎ Initial and affirm applicable future Medicare eligibility status ✎*

11.    As of the date of this affidavit:

    a.    ✎_____ I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the [judgment/settlement] of the above-captioned litigation.  I affirm that I:
      i.    I have not applied for social security disability (SSDI);
      ii.    have not been denied SSDI and anticipating appealing that decision;
      iii.    am not in the process of appealing or re-filing for SSDI;
      iv.    am not 62.5 years or older; and
      v.    do not have End Stage Renal Disease (a qualifying condition for Medicare);

**OR**

    b.    ✎_____ I am not current a Medicare Beneficiary.  However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the [judgment/settlement] of the above-captioned litigation and

      i.    ✎_____ I do not require any future treatment for injuries that are the subject of this personal injury action.  The required certification(s) for the injuries alleged in the *[complaint/claim/bill of particulars – **specify all applicable documents**]* is attached.  The attached certification confirms that there is no anticipated future treatment required for the injuries sustained in the within personal injury action; or

      ii.     ✎_____     I do require future treatment for the injuries that are the subject of this personal injury action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for future medicalexpenses relating to the injuries of this personal injury action; or

      iii.    ✎_____     I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the judgment in/settlement of this action to pay for any medical expenses relating to such injuries.

**OR**

c.    ✎_____     I am currently a Medicare Beneficiary and

      i.      ✎_____     I do not require any future treatment for injuries that are the subject of this personal injury action.  The required certification(s) for the injuries alleged in the *[complaint/claim/bill of particulars – **specify all applicable documents**]* is attached.  The attached certification confirms that no anticipated future treatment is required for the injuries that are the subject of this personal injury action; or

      ii.     ✎_____     I do require future treatment for the injuries that are the subject of this personal injury action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for future medical expenses relating to the injuries that are the subject of this personal injury action; or

      iii.    ✎_____     I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the judgment in/settlement of this action to pay for any medical expenses relating to such injuries.

                                        _____
                                              [NAME]

Sworn to before me this
\_\_\_\_ day of _____, 20\_\_.

4

_____
NOTARY PUBLIC